SPARKILL REALTY CORPORATION and Another, Respondents, Appellants, *v.* THE STATE OF NEW YORK, Appellant, Respondent.
(Claim No. 19587.)
Court of Claims, November 7, 1932.

*Cullen & Dykman* [*W. N. & J. A. Dykman, T. J. Shea, Benjamin McClung* and *Henry J. Hemmens* of counsel], for the claimants.

*Mortimer H. Patterson,* for the Rockland Power and Light Company.

*John J. Bennett, Jr., Attorney-General* [*James Gibson, Carl S. Stern, Walter H. Pollak, Arthur H. Goldberg* and *Ruth R. Kessler, Deputy Assistant Attorneys-General,* of counsel], for the defendant.

BARRETT, P. J. In these proceedings both sides have appealed from an award of this court.

The State has served its proposed case on appeal, and this is a motion by claimants for an order directing that the title of the printed case be changed and that exhibits of claimants, including notice of appeal, exceptions and a statement of costs, be added to the printed case.

The State objects to the inclusion of the notice of appeal and exceptions upon the grounds, generally speaking, that the jurisdiction of this court on the settlement of the case includes only the settlement of the case and exceptions taken at the trial, of which the notice of appeal and exceptions to findings and the decision form no part, and that the only obligation of the State is to prepare its own record on appeal, containing only its notice of appeal and exceptions, and that claimants have refused to make contribution toward the costs of preparation of the printed record on appeal.

By rule 234 of the Rules of Civil Practice it is provided that the printed case shall contain the notice of appeal and the bill of exceptions.

This court has no power to direct claimants to prepare and submit their case. The remedy for the failure to so act is in the appellate court, and likewise we have no power to direct claimants to pay a portion of the cost of the record on appeal.

Upon the argument, counsel for claimants suggested that the question of contribution toward the cost of preparing the record could be disposed of in the Appellate Division of the Supreme Court, and we agree with that suggestion and think that such question can be so disposed of.

Both sides submitted proposed orders. There is no substantial difference between the orders, except that the one proposed by the State contains a recital of the objections made by the State during the argument, and we have concluded to sign the order as proposed by the State.

ACKERSON, J., concurs.